## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTY CONKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-10-1130-HE |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Christy Conkle filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits.  Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Robert E. Bacharach, who recommends that the Commissioner's decision be affirmed.

This is the second time this case is before this court.  A prior decision affirming the agency's denial of benefits was reversed by the Tenth Circuit.  On remand, after another administrative hearing, the ALJ again denied benefits.  He concluded, at step two of the five-step sequential evaluation process for determining whether a social security claimant is disabled, that several of plaintiff's impairments qualified as severe.  At step three he concluded those impairments did not meet or equal a listed impairment.  At step four the ALJ found plaintiff had the residual functional capacity ("RFC") to perform light work, but she could not perform her past relevant work as a mail carrier.  Finally, at step five the ALJ determined plaintiff was not disabled because jobs existed in significant numbers in the

national economy that she could perform.  The Appeals Council denied plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner.

Plaintiff reurges most of the arguments she presented to the magistrate judge.  She claims she was denied a full and fair hearing, challenges the ALJ's step three determination, and contends the ALJ erred in his treatment of the treating physician's opinion, improperly based his RFC assessment on his own interpretation of the medical evidence and improperly relied on the medical-vocational guidelines in finding she was not disabled.

The Commissioner's decision is reviewed to determine whether it is supported by substantial evidence and whether the correct legal standards were applied.  Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996).  Under that standard, the court concludes the decision denying benefits should be affirmed.

Plaintiff asserts the ALJ's conclusion at step three that she failed to satisfy the criteria of a listed impairment was not supported by substantial evidence.  Although a close question, the court agrees with the magistrate judge that sufficient evidence supported the ALJ's ratings of plaintiff's restrictions in activities of daily living, maintenance of social functioning and maintenance of concentration, persistence, or pace.[1]  The court also concurs with the magistrate judge that the ALJ did not improperly discount Dr. Ghaznavi's opinion.[2]

---

[1]*Plaintiff asserts that her loss of custody of her two children is additional evidence of her asserted marked problems with daily activities. She did not, though, cite to evidence in the Record that indicates why she lost custody.  The only reference to child custody the court discovered indicated plaintiff may have lost custody because of drug charges.  Record at p. 308.*

[2]*Contrary to plaintiff's assertion, the ALJ and magistrate judge correctly noted that plaintiff's increased anxiety on November 29, 2004, was attributed to a lack of medication. See*

2

As for plaintiff's claim that she was denied a full and fair hearing by the ALJ's indication at the hearing that he had concluded plaintiff satisfied Listing 12.04, the court agrees with the magistrate judge that plaintiff has not demonstrated the ALR violated 20 C.F.R. § 404.946.  The regulation does not apply in these circumstances.

At the hearing the ALJ did not definitively announce his decision, but instead took the matter under advisement.[3]  His written decision differed from the disability determination which his comments during the hearing had led plaintiff and her counsel to believe had been reached.   Understandably plaintiff was disappointed by the ALJ's change in position. However,  as the magistrate judge pointed out, the ALJ specifically asked plaintiff's counsel if he had anything to add before he closed the hearing.  If counsel had additional evidence, he should have proceeded to offer it at that time or seek clarification from the judge regarding the finality of his decision, before he elected to forgo further submissions. Significantly, plaintiff did not identify any evidence she would otherwise have introduced at the hearing but for the ALJ's comments, or indicate how she was prejudiced  by his remarks.  While the ALJ's statement may have misled the plaintiff as to the likely outcome of the case or have been otherwise premature, it did not violate the regulation or deprive plaintiff of due process.

Plaintiff also objects to the ALJ's RFC assessment on the ground he improperly

---

*Report and Recommendation, pp. 18-19. The medical note that plaintiff had reported  "medication compliance," Record at p.242, does conflict with that conclusion.  Id. at p. 243.*

[3]*The court does not agree with plaintiff that the matter under advisement related to whether plaintiff needed a representative payee.*

3

interpreted medical evidence.[4]   That specific issue was not, however, presented to the magistrate judge.  It is, therefore, deemed waived and will not be considered.  <u>United States v. Garfinkle</u>, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

As her final basis for remand, plaintiff contends the ALJ improperly relied on the medical-vocational guidelines.  The court concurs with the magistrate judge's analysis on this issue.  The case plaintiff relies on, <u>Lopez v. Barnhart</u>, 78 Fed.Appx. 675 (10th Cir. 2003) (unpublished), does not require a different result.  *See id.* at 679 ("Admittedly, the grids may be used to direct a conclusion if the claimant's nonexertional impairments do not significantly reduce the underlying job base.").

While the court might have reached a different conclusion had it been the fact finder, its role is not to "reweigh the evidence [or] substitute [its] judgment for that of the [Commissioner]." *Id.* at 677 (internal quotations omitted).  Having reviewed the record and considered plaintiff's arguments *de novo*, the court agrees with the magistrate judge's analysis and adopts his Report and Recommendation.  Accordingly, the Commissioner's decision is **AFFIRMED**.

---

[4]*The magistrate judge construed plaintiff's argument regarding the RFC assessment as a challenge to the sufficiency of the explanation provided by the ALJ for his conclusions.*

**IT IS SO ORDERED**.

Dated this 7th day of December, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE